**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IRINA VORONINA, JESSICA 'JESSA' HINTON, JOANNA KRUPA, JOHN COULTER, LINA POSADA, PAOLA CANAS, ROSA ACOSTA, TIFFANY TOTH GRAY, and VIDA GUERRA,<br><br>     *Plaintiffs*,<br><br>v.<br><br>FIELDEN'S, INC. d/b/a The Empire's Mansion a/k/a EMPIRE<br>c/o Stephanie Elaine Vu, Registered Agent<br>2033 West Broad Street,<br>Richmond, VA 23220<br><br>and<br><br>DOES 1 THROUGH 5,<br><br>    *Defendants.* | Case No. 3:21-cv-776 |

**COMPLAINT**

Plaintiffs IRINA VORONINA, JESSICA 'JESSA' HINTON, JOANNA KRUPA, JOHN COULTER, LINA POSADA, PAOLA CANAS, ROSA ACOSTA, TIFFANY TOTH GRAY, and VIDA GUERRA, (collectively, "Plaintiffs"), by and through their undersigned counsel, as and for their Amended Complaint ("Complaint") against Defendants FIELDEN'S, INC. d/b/a THE EMPIRE'S MANSION a/k/a EMPIRE; and DOES 1 THROUGH 5 (collectively "Defendants" or "Empire") respectfully allege as follows:

**BACKGROUND**

1.     This is an action for damages and injunctive relief relating to Defendants' misappropriation, alteration, and unauthorized publication and use in advertising of images of Plaintiffs, each of whom are well-known professional models, to promote their night club, THE

EMPIRE'S MANSION located in Richmond, Virginia ("EMPIRE" or the "Club").

2.      As detailed below, Defendants' misappropriation and unauthorized use of Plaintiffs' images, photos and likenesses (collectively, "Images") constitutes: a) violation of Plaintiffs' statutory rights of publicity, Va. Code Ann. § 8.01-40, which prohibits the unauthorized use of a name or picture of any person; b) business conspiracy, in violation of Va. Code Ann. § 18.2-499; and c) violation of section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1), which prohibits both false or misleading representations of fact in commercial advertising and the false or misleading use of a person's image for commercial purposes.

3.      In addition to the actual, punitive and exemplary damages set forth below, Plaintiffs likewise seek an Order from this Court permanently enjoining Defendants from using their Images to promote any Club, via any medium.

## JURISDICTION & VENUE

4.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because it is a civil action founded on a claim arising under the laws of the United States.  Further, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

5.      As set forth immediately below, Plaintiffs are, and, at all times relevant to this action, have been, professional models who reside throughout the United States.

6.      According to publicly available records, Defendant FIELDEN'S, INC. is a corporation formed under the laws of the state of Virginia, with its principal place of business located at 2033 West Broad Street, Richmond, Virginia 23220. FIELDEN'S, INC. operates THE EMPIRE'S MANSION also known as EMPIRE, which is located at 2033 West Broad Street, Richmond, Virginia 23220.

7.      Venue is proper in the Richmond Division of the Eastern District Court because Defendant Empire's principal place of business is in the city of Richmond, Virginia.

## PARTIES

*Plaintiffs*

8.      Plaintiff Irina Voronina ("Voronina") is a well-known professional model, and a resident of Los Angeles County, California.

9.      Plaintiff Jessica Hinton ("Hinton") is a well-known professional model and a resident of Los Angele s County, California.

10.      Plaintiff Joanna Krupa ("Krupa") is a well-known professional model, and a resident of Miami-Dade County, Florida.

11.      Plaintiff John Coulter ("Coulter") is a well-known professional model, and a resident of Los Angeles County, California.

12.      Plaintiff Lina Posada ("Posada") is a well-known professional model, and a resident of San Bernardino County, California.

13.      Plaintiff Paola Canas ("Canas") is a well-known professional model, and a resident of Broward County, Florida.

14.      Plaintiff Rosa Acosta ("Acosta") is a well-known professional model, and a resident of Los Angeles County, California.

15.      Plaintiff Tiffany Gray ("Gray") is a well-known professional model, and a resident of Orange County, California.

16.      Plaintiff Vida Guerra ("Guerra") is a well-known professional model, and a resident of Los Angeles, California.

*Defendants*

17.     According to publicly available records, Defendant FIELDEN'S, INC. is formed under the laws of the state of Virginia.  During times relevant to this action, FIELDEN'S, INC. operated THE EMPIRE'S MANSION a/k/a EMPIRE in Richmond, Virginia.

18.     DOES 1 THROUGH 5 are certain yet to be named individuals and/or entities that FIELDEN'S, INC. worked in conjunction with, at the direction of, or in concert with as pertains to the subject advertisements which contain images of Plaintiffs.  On information and belief, and without limitation, such individuals and/or entities include graphic designers, independent contractors, DJs, social media consultants and/or others.

## FACTUAL ALLEGATIONS

19.     As set forth immediately below, each Plaintiff is a well-known professional model who earns her livelihood modeling and licensing her Images to companies, magazines, and individuals for the purpose of advertising products and services.

20.     Plaintiffs' careers in the modeling industry place a high degree of value on their good will and reputation, which is critical in order to maximize their earning potential, book modeling contracts, and establish each of their individual brands.  In furtherance of establishing, and maintaining, their brands, Plaintiffs are necessarily selective concerning the companies, and brands, for which they model.

21.     Plaintiffs' Images was misappropriated, and intentionally altered, by one or more of the Defendants in order to make it appear that they worked at, endorsed or were otherwise associated or affiliated with Empire.

22.     In the case of every Plaintiff, such appearance was false.

23.     Moreover, in every case this misappropriation occurred without Plaintiffs' knowledge, consent, or authorization; at no point did Plaintiffs ever receive any remuneration

4

for Defendants' improper and illegal use of their Images; and Defendants' improper and illegal use of Plaintiffs' Images have caused Plaintiffs to suffer substantial damages.

24.     Defendants' obvious intention in using Plaintiffs' Images without consent or remuneration was to harm Plaintiffs by effectively forcing them to appear in Defendants' advertising for no compensation.

25.     Further, in certain cases, Defendants misappropriated Plaintiffs' advertising ideas because the Images they misappropriated came from Plaintiffs' own social media pages, which each Plaintiff uses to market herself to potential clients, grow her fan base, and build and maintain her brand.

***Plaintiffs' Backgrounds and Careers***

26.     Voronina is an international model and actress. After becoming *Playboy's* Miss January 2001, she represented international brands including SKYY Vodka, Miller Lite, Michelob Ultra, Bacardi, and Sisley & Detour to name a few. She has millions of visual impressions around the globe via the covers and pages of worldwide magazines such as *FHM, Maxim, Playboy* (in 20 countries), *Max*, *Ocean, Shape, 944, Knockout, Q*, *People*, *Kandy, Rukus, Vape* and *Browz* magazines. In 2008, Voronina was named St. Pauli Girl spokes model and completed a 12-month PR tour across America. She became the first ever St. Pauli Girl to ring the NYSE closing bell representing Constellation Brands.  In 2013, Voronina was named *Kandy Magazine'*s Model of the Year as a result of her fans downloading the highest number of digital issues that year. She loves connecting with her fans and stays active daily across all social media outlets for her followers on Facebook, Instagram, Twitter and YouTube. Voronina got her first big screen break in "Reno 911!: Miami.". Her credits include a series regular role in the fully improvised sitcom "Svetlana" for HD Net, the first ever live action

show on Adult Swim Network "Saul of the Mole Men," guest star appearance on Nickelodeon's "iCarly," Comedy Central's "Reno 911!", and feature film parts in "Balls of Fury," "Piranha 3DD," "Laser Team," and "Killing Hasselhoff." She starred in the indie action flick "Scramble" which she also co-produced. Voronina tours and performs nationally as a stand-up comedian. She has more than 4.5 million social media followers.

27.     That we know of, Voronina is depicted in the photos in Exhibit "A" to promote Empire on its Instagram and Facebook pages. These Images were intentionally altered to make it appear that Voronina was either an entertainer working at Empire, that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

28.     Voronina has never been employed at Empire, has never been hired to endorse Empire, has never been otherwise associated or affiliated with Empire, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

29.     Hinton was discovered by a talent manager at a wedding at 14. By 16 she locked in three national TV commercials and made guest appearances on *Baywatch* and *7th Heaven*. Hinton expanded her portfolio to include runway modeling and print campaigns at 18. In 2010, Hinton was the face of the *Palms Hotel & Casino's* ad campaign. She then pursued TV personality roles hosting for *Victory Poker*, and *Top Rank Boxing* interviewing the likes of Manny Pacquiao and Shane Mosley. In 2011, she was selected as *July's Playmate of the Month* becoming one of the most popular Playmates of that year. She was the center piece of an ad campaign for *Milwaukee's Best Beer* in conjunction with *Playboy Enterprises*. Hinton also attained spokesmodel roles for *Affliction Clothing*, *Enzo*, *Milano Hair Products*, *REVIV Wellness Spa*, and *Protein World*. She has ongoing modeling contracts with *Rhonda Shear*

6

*Shapewear*, *Leg Avenue,* and *Roma Costume*, in addition to hosting a Los Angeles, CA television station *KTLA*. Her images have appeared on billboards, magazines, posters, and multiple forms of electronic media. Hinton has been a featured front cover model gaining attraction for magazines such as *FHM*, *Kandy*, *MMA Sports*, *Guitar World*, and *Muscle & Fitness*. She was named Creative Director for *MAJR Media* and was given part ownership for her role with the company. Hinton has successfully accomplished elite status as a social media celebrity with a combined total of over 4.2 million followers on Facebook, Instagram and Twitter.

30.     That we know of, Hinton is depicted in the photo in Exhibit "B" to promote Empire on its Facebook page. These Images were intentionally altered to make it appear that Hinton was either an entertainer working at Empire, that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

31.     Hinton has never been employed at Empire, has never been hired to endorse Empire, has never been otherwise associated or affiliated with Empire, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

32.     Krupa is, and at all times relevant to this action was, a Polish American model, actress, and dancer. She was named the "Sexiest Swimsuit Model in the World" and has appeared on the cover of magazines such as *Personal, Steppin' Out, Envy, Shape, FHM, Stuff, Inside Sport, Teeze, Maxim*, and twice for *Playboy*. Krupa has also graced the covers of South African *GQ*, and the Polish editions of *Cosmopolitan, InStyle, Glamour*, and *Grazia*. Krupa was voted "Model of the Year" in Maxim's 2004-2005 German edition and was ranked #55 in Maxim's "Hot 100" 2011 edition and was voted "Model of the Year" in Maxim's 2004-2005

German edition. She has appeared on the cover of Playboy magazine twice, modeled for PETA, and founded an animal rescue group, Angels For Animal Rescue, with her friend Gabi Gutierrez.  In addition, Krupa has appeared in "The Underground Comedy Movie" (1999) (2010 re-issue), "Planet of the Apes" (2001), "The Man Show" (2002–2003), the action film "Max Havoc: Curse of the Dragon," (2004), "Las Vegas" episode "Degas Away with It" (2004), "CSI: Crime Scene Investigation" episode "Kiss-Kiss, Bye-Bye" (2006), "The Dog Problem" (2006), "Scary Movie 4" (2006), "Ripple Effect" (2007), "Skinner Box" (2007),the television show "Superstars" (June 2009), and in Season 9 of "Dancing with the Stars." (2009), "Szymon Majewski Show" (Polish TV talk show) (2010), Krupa was a cast member for the reality TV show "The Real Housewives of Miami" (2012–2013), "Ridiculousness" (2014), and has been the host and head judge in Poland's "Next Top Model" since 2010.

33.     That we know of, Krupa is depicted in the photos in Exhibit "C" to promote Empire on its Facebook page. This Image was intentionally altered to make it appear that Krupa was either an entertainer working at Empire, that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

34.     Krupa has never been employed at Empire, has never been hired to endorse Empire, has never been otherwise associated or affiliated with Empire, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

35.     Coulter was born in Arizona. He spent two years studying illustration on a full art scholarship at the University of Arizona before continuing his studies at the prestigious Art Center College of Design in Pasadena. Coulter also pursued performing arts, which led him to "The Happiest Place on Earth". At Disneyland, he worked both as an artist in the entertainment

art department and moonlighted as Prince Charming in the Main Street Electrical Parade before going on to play other Disney characters. One of the highlights was playing Tarzan in the opening cast of Tarzan Rocks. His princely charm also took him to Tokyo Disneyland, where he continued to perform several roles. Coulter's modeling career has lasted over 20 years leading him to New York and Europe where he worked with renowned photographers Ellen Von Unwerth and David Lachapelle. He shot a Jeans Campaign with Cindy Crawford and a MAC Cosmetics campaign with Mary J. Blige and Lil' Kim. He has walked the runways with Naomi Campbell, Kate Moss, Marcus Schenkenberg and Tyson Beckford and has appeared in television commercials with Paris Hilton, Heidi Klum, Kristen Chenoweth, and Karolina Kurkova. Coulter has been on Tyra Bank's America's Next Top Model, in a Madonna video directed by Guy Ritchie, and can be seen on the Britney Spears' Blackout Album as the controversial priest. He is most recognizable with his clothes off, gracing the packaging and ads for Joe Boxer, Fruit of the Loom, Murano, Undergear and International Male. His fine arts background has manifested itself in many areas such as costuming, photo and fashion styling, as well as hair and makeup.

36.     That we know of, Coulter is depicted in the photo in Exhibit "D" to promote Empire on its Instagram page. This Image was intentionally altered to make it appear that Coulter was either an entertainer working at Empire, that he endorsed the Club, or that he was otherwise associated or affiliated with the Club.

37.     Coulter has never been employed at Empire, has never been hired to endorse Empire, has never been otherwise associated or affiliated with Empire, has received no remuneration for Defendants' unauthorized use of his Image, and has suffered, and will continue to suffer, damages as a result of same.

9

38.     Posada is a fashion model and designer. A native of Colombia, Posada is best known as a model for the Besame and Espiral lingerie collections. Posada has also modeled for Paradizia Swimwear, Babalu Swimwear, Irgus Swinwear, Ujeans, as well as many others. She currently has 95.1 thousand Instagram followers, 2.99 thousand YouTube subscribers, 8,931 Facebook followers, and over 5.6 thousand Twitter followers.

39.     That we know of, Posada is depicted in the photos in Exhibit "E" to promote Empire on its Facebook and Instagram pages. These Images were intentionally altered to make it appear that Posada was either an entertainer working at Empire, that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

40.     Posada has never been employed at Empire, has never been hired to endorse Empire, has never been otherwise associated or affiliated with Empire, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

41.     Canas is a Colombian-born model now residing and working in the United States. Canas has been in the industry for over twelve years and has found great success as a model, host, runway model, and actor. Canas has worked runway shows in her native Colombia, as well as Mexico, Ecuador, United States, and most recently in Paris, France. She heads up the international campaign and was a contracted model for Curve and their worldwide lingerie line. In Dubai, United Arab Emirates, Canas was chosen as the face of the Masters Golf Tournament, and was the image for the "International Surf and Sport Expo" in Orlando, FL. She has worked for international brands and labels such as SOHO, KISS underwear, Salon International, Zona Rosa, and Esteban Escobar. She has appeared in numerous TV shows like "FOX Sports" and on TV networks such as Telemundo and TV

Azteca. Canas continues to build an impressive profile and is constantly in demand between Miami, FL, New York, NY, and Los Angeles, CA. Canas has over 545 thousand Instagram followers, over 10.5 thousand followers on Twitter, and over nine thousand Facebook likes.

42.     That we know of, Canas is depicted in the photo in Exhibit "E" to promote Empire on its Facebook and Instagram pages. This Image was intentionally altered to make it appear that Canas was either an entertainer working at Empire that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

43.     Canas has never been employed at Empire, has never been hired to endorse Empire, has never been otherwise associated or affiliated with Empire, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

44.     Acosta started her classic ballet studies at the age of four at the Centro de la Cultura in Santiago, Dominican Republic. She later moved on to the ICA, (Instituto de Cultura y Arte), where she excelled as one of the most gifted students of the academy. After graduating with honors from the ICA and the Ballet School of Norma Garcia with a Bachelor in Art with mention to Classic Ballet, she became part of the Dominican Nacional Ballet as the youngest soloist member in 2002. Partaking in all major classic and modern shows in the Dominican Republic, she is nominated twice by the Secretaria de Estado de la Juventud for her work in the category of Cultural Development. She initiated her modeling career in 2004, participating in magazines and television for prestigious Dominican enterprises. Acosta moved to the United States in 2006 where her career took a new turn, distinguishing herself in several areas of the modeling world, featuring in magazines, radio, television programs and commercials and numerous music videos. She has over 36 thousand Facebook followers, over 1.6 million

Instagram followers, and over 291 thousand Twitter followers.

45.     That we know of, Acosta is depicted in the photo in Exhibit "F" to promote Empire on its Instagram page. This Image was intentionally altered to make it appear that Acosta was either an entertainer working at Empire, that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

46.     Acosta has never been employed at Empire, has never been hired to endorse Empire, has never been otherwise associated or affiliated with Empire, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

47.     Gray is an extremely successful model that takes great pride in holding the prestigious title of a *Playboy* Playmate. Gray was the *Playboy* "Cyber Girl of the Month" for May 2006. She then went on to pose for three pictorials under *Playboy's* Fresh Faces. Moreover, she has not only been featured in such magazines as *Super Street Bike*, *Import Tuner, Sport Truck, Iron Man, Seventeen*, and *Maxim*, but has also posed for various catalogs. Gray currently has over 3.7 million Facebook followers, 1.4 million Instagram followers, and over 305 thousand Twitter followers, and 1.08 thousand YouTube subscribers

48.     That we know of, Gray is depicted in the photo in Exhibit "G" to promote Empire on its Instagram page. This Image was intentionally altered to make it appear that Gray was either an entertainer working at Empire, that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

49.     Gray has never been employed at Empire, has never been hired to endorse Empire, has never been otherwise associated or affiliated with Empire, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will

continue to suffer, damages as a result of same.

50.     Guerra is a Cuban model currently living in the United States. Her first national exposure came when she appeared in a lingerie spread for *FHM* in December of 2002 and became "*FHM*'s "Model of the Year" in 2004. Since then, Guerra has been featured in many magazines, including *DUB, Smooth, Escape*, and *Open Your Eyes*. Guerra has made multiple appearances on several Spanish language television programs such as El Gordo y la Flaca (The Fat Guy and The Skinny Girl). She has also became a staple in music videos, appearing in "Shake Ya Tailfeather" performed by Nelly, P. Diddy, and Murphy Lee, from the Bad Boys II soundtrack, 2003, "The New Workout Plan" performed by Kanye West, 2004, and in "Obsession (No Es Amor)" performed by Frankie J ft. Baby Bash, 2005, among others. In addition, Guerra has appeared in a commercial for Burger King's Tender Crisp Bacon Cheddar Ranch, a number of sketches on The Chappelle's Show, and the film, "National Lampoon's Dorm Daze 2." She lent her voice to the video game, "Scarface: The World Is Yours." In 2005, Guerra was voted Number 26 in *FHM*'s "Top 100 Sexiest Females" and has been named the winner of the magazine's "Best Butt Award". She also produced her own swimsuit calendars and accompanying "behind the scenes" DVDs and a 2006 DVD titled, "Vida Guerra: Exposed." She continues to be extremely in demand as a spokeswoman for fitness and fitness equipment, television shows, and movies. Guerra enjoys over 2,443,580 followers across Facebook, Instagram, and Twitter.

51.     That we know of, Guerra is depicted in the photos in Exhibit "H" to promote Empire on its Facebook and Instagram pages. These Images were intentionally altered to make it appear that Guerra was either an entertainer working at Empire, that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

52.     Guerra has never been employed at Empire, has never been hired to endorse Empire, has never been otherwise associated or affiliated with Empire, has received no remuneration for Defendants' unauthorized use of her Image, and has suffered, and will continue to suffer, damages as a result of same.

***Defendants' Business***

53.     Upon information and belief, Defendants operated, during the relevant time period, the Club, where they engaged in the business of selling alcohol and food in an atmosphere were nude and/or semi-nude women entertain the business' clientele.

54.     Upon information and belief, and in furtherance of its promotion their promotion of the Club, Defendants own, operate and control the Club's social media accounts, including its Facebook, Twitter, and Instagram accounts.

55.     Defendants used the Club's Facebook, Twitter, and Instagram accounts to promote the Club, and to attract patrons thereto.

56.     Defendants did this for their own commercial and financial benefit.

57.     Defendants have used, advertised, created, printed, and distributed the Images of Plaintiffs, as further described and identified above, in order to create the false impression with potential clientele that each Plaintiff either worked as an entertainer at the Club, that she endorsed the Club, or that she was otherwise associated or affiliated with the Club.

58.     Defendants used Plaintiffs' Images and created the false impression that they worked at or endorsed the Club to receive certain benefits therefrom, including but not limited to: monetary payments; increased promotional, advertising, marketing, and other public relations benefits; notoriety; publicity; as well as an increase in business revenue, profits, proceeds, and income.

14

59.     As Defendants were at all times aware, at no point have any of the above-named Plaintiffs ever been affiliated with or employed by the Club, and at no point have any of the Plaintiffs ever endorsed the Club, or otherwise been affiliated or associated with the Club.

60.     All of Defendants' activities, including their misappropriation of Plaintiffs' Images, and publication of same, were done without the knowledge or consent of Plaintiffs, and Defendants did not compensate Plaintiffs for their use of their Images.

61.     As such, Plaintiffs have never received any benefit from Defendants' use of their Images.

***Standard Business Practices in the Modeling Industry***

62.     It is common knowledge in the modeling industry that the hiring of a model for a commercial purpose involves a particularized methodology and process.

63.     The fee that a professional model, such as Plaintiffs, will receive is negotiated by her agency, and involves consideration of, without limitation, at least the following factors: a) the reputation, earning capacity, experience, and demand of that particular model; b) the location where the photo shoot takes place, and the length thereof; c) where and how the images are going to be used by the client (*e.g.*, company website, social media, television commercials, billboards or posters), known as "usage"; and, d) the length of time (known as the "term") the rights to use the photos will be assigned.  Most licenses to use a model's image are for 1, 2, or 3 year terms; but almost never is there a "lifetime" term.

***Defendants' Misappropriation of Plaintiffs' Images***

64.     As detailed above, Defendants knowingly, and without the prior consent of any of the Plaintiffs, invaded Plaintiffs' privacy by using Plaintiffs' Images for commercial purposes in order to promote the Club by and through various marketing and promotional

mediums including, without limitation, the Club's website, Facebook, and Instagram.

65.     Defendants showcased Plaintiffs' Images on the Club's social media pages to create the false impression that Plaintiffs worked at the Club; endorsed, promoted, or sponsored same; or were otherwise associated or affiliated with same.

66.     Defendants did so to attract clientele to the Club, promote the Club, and thereby generate revenue for Defendants.

67.     Defendants were aware that, by using Plaintiffs' Images, they were violating Plaintiffs' right of publicity, and creating a false impression to potential customers that Plaintiffs worked at and/or endorsed the Club.

68.     Unauthorized use of Plaintiffs' Images deprives them of income they are owed relating to the commercialization of their Images.

69.     In addition, Plaintiffs allege that any improper or unauthorized use of their Images substantially injures their careers.

70.     This is especially so insofar as Plaintiffs' Images have been associated with a night club, and the implication of Defendants' use of Plaintiffs' Images is that they are entertainers, endorse a night club, or are otherwise associated or affiliated with a night club.

71.     At no point were any of the Plaintiffs ever affiliated with the Club, or Defendants.

72.     Plaintiffs' Images was used without her consent.

73.     At no point was any Plaintiff ever contacted by any Defendants, or any representative of any of the Defendants, to request the use of any of Plaintiffs' Images.

74.     No Defendant ever obtained, either directly or indirectly, permission to use any of Plaintiffs' Images.

16

75.     No Defendant ever paid any Plaintiff for its use of her Images on any promotional materials, including the Club's website, Twitter, Facebook, or Instagram accounts.

76.     Defendants used Plaintiffs' Images without their consent, and without providing remuneration, in order to permanently deprive Plaintiffs of her right to use her Images.

77.     Upon information and belief, Defendants have taken the foregoing actions with the intent of causing irreparable harm.

## FIRST CAUSE OF ACTION
**(Violation of Plaintiffs' Rights of Publicity, Unauthorized Appropriation and Use of Likeness, Va. Code Ann. § 8.01-40)**

78.     Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

79.     As set forth hereon, Plaintiffs have and had at the time of Defendants' misappropriation a commercial interest in her image, photo, persona, and likeness.

80.     As set forth hereon, Defendants have violated Plaintiffs' statutory rights to publicity under Virginia law.

81.     Defendants have done so by appropriating Plaintiffs' likeness for commercial purposes without authority or consent.

82.      Defendants invaded and violated Plaintiffs' privacy and misappropriated their likeness by publishing their Images on the Club's website or related social media accounts as part of Defendants' advertising campaign.

83.     At all relevant times, the Club's website and social media accounts were used and operated by Defendants for advertising and trade purposes.

84.     The Club's website and social media accounts were designed to attract business to the Club and generate revenue for Defendants.

85.     Plaintiffs are informed and believe and hereon allege that the manner in which Defendants posted and publicized their image and likeness was hidden, inherently undiscoverable, or inherently unknowable, in that Defendants published their image and likeness on social media threads that, over time, are (for example, but not limited to) "pushed" down in time from immediate visibility.

86.     Plaintiffs are further informed and believe and hereon allege that discovery will prove that Defendants' republicized Plaintiffs' images and likenesses on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint.

87.     Plaintiffs are informed and believe and hereon allege that Defendants' republication of Plaintiffs' images and likenesses was altered so as to reach a new audience and/or promote a different product.

88.     Upon information and belief, Defendants' use of Plaintiffs' Images did in fact attract clientele and generate business for the Club.

89.     At no point did any Defendant ever receive permission or consent to use Plaintiffs' Image on their website or social media account.

90.     Defendants were at all relevant times aware that they never received Plaintiffs' permission or consent to use their Images on any website or social media account, or on any other medium, in order to promote the Club.

91.     At no point did Defendants compensate Plaintiffs for their use of their Images.

92.     No applicable privilege or authorization exists for Defendants' use of Plaintiffs' Images.

## SECOND CAUSE OF ACTION
**(Violation of Virginia's Business Conspiracy Statute as to Plaintiffs,**

**Va. Code Ann. § 18.2-499/500)**

93.     Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

94.     On information and belief, Empire worked in conjunction with certain third-party graphic designers, independent contractors, DJs, social media consultants and/or others, named herein as DOES 1 THROUGH 5, to misappropriate Plaintiffs' images, repurpose these images, create the subject advertisements using Plaintiffs' repurposed images, and publish the subject advertisements on the Club's social media pages.

95.     As set forth in the hundreds of advertisements attached to the Complaint in which Plaintiffs' Images were illicitly used, Empire worked in conjunction with, without limitation, DJ Ghozt; Jaime Elliot; DJ Fili; (collectively, the "DJs") to produce the subject advertisements and publish them on Empire's social media pages.

96.     Upon information and belief, Empire worked in concert with the DJ's on the particular advertisements in the days and weeks leading up to the publication of each advertisement.

97.     Upon information and belief, Empire also worked with graphic designers and others in the creation and publication of the advertisements.

98.     Empire worked in concert with these graphic designers and others in the creation and publication of the particular advertisements in the days and weeks leading up to the publication of each advertisement.

99.     As detailed in the Complaint and its exhibits, Empire engaged in concerted efforts with the DJs and other on hundreds of separate occasions, each occasion on or about the date of the publication of each of Empire's advertisements.

100.    The purpose of Empire's concerted effort was to deprive Plaintiffs of the fair market value of their professional modeling services that they would have obtained had Empire and its co-conspirators operated through legal channels, and thus secure for Empire free advertising.

101.    The effect of Empire's concerted effort was in accord with its purpose: the conduct did in fact deprive Plaintiffs of the fair market value of their professional modeling services and did in fact secure for Empire free advertising.

102.    Defendants Empire and Does 1-5 acted with legal malice because they knew or should have known that Plaintiffs are paid for their professional modeling services, yet they used these images to secure free advertising and thus, intentionally deprived Plaintiffs of the fair market value of her professional modeling services.

103.    Defendants Empire and Does 1-5 acted with legal malice because although they knew that they did not have the rights to use Plaintiffs' image for commercial purposes, they used the images anyway.

104.    Defendants Empire and Does 1-5 acted with legal malice because they intended to use Plaintiffs' images and secure for themselves free advertising.

105.    In the alternative, Defendants Empire and Does 1-5 acted with legal malice by acting recklessly in never investigating whether they had the right to use Plaintiffs' Images in advertising.

106.    Such actions injured Plaintiffs because they did in fact deprive Plaintiffs of the fair market value of their professional modeling services.

107.    As a result of Defendants' illicit concerted efforts, including their unauthorized and misleading publication of Plaintiffs' Images on the Club's website and social media

20

accounts, Plaintiffs were injured by being deprived of the fair market value of her professional modeling services, as Defendants intended.

108.    As a result of Defendants' illicit concerted efforts, including their unauthorized and misleading publication of Plaintiffs' Images on the Club's website and social media accounts, Plaintiffs' reputations were injured, Plaintiffs' businesses and trades were injured, and Plaintiffs' abilities to market herself as a model were injured.

109.    As a result of Defendants' unauthorized and misleading use of Plaintiffs' Images, Plaintiffs have suffered damages in an amount to be determined at trial, including treble damages available under this statute, and all costs and attorneys' fees incurred by Plaintiffs, as available under this statute.

## **THIRD CAUSE OF ACTION**
**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(B): False Advertising)**

110.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

111.    The provisions of the Lanham Act, 215 U.S.C. §1125, *et seq*. apply to Defendants, and protect Plaintiffs from the conduct described hereon.

112.    As set forth hereon, each advertisement at issue in this action was false and misleading because no Plaintiff ever worked at Empire or agreed to appear in Empire's advertisements.

113.    Given the false and misleading nature of the advertisements, they had the capacity to deceive consumers and, upon information and belief, did so deceive consumers.

114.    Upon information and belief, said deceptive advertisements had a material effect on the purchasing decisions of consumers who attended Empire.

115.    Insofar as Defendants published these false and misleading advertisements on

the internet, they had the capacity to affect interstate commerce, and, upon information and belief, did so affect interstate commerce.

116.    Despite the fact that Defendants were at all times aware that the Plaintiffs neither worked at, nor endorsed the Club, Defendants nevertheless used Plaintiffs' Images in order to mislead potential customers as to Plaintiffs' employment at and/or affiliation with the Club.

117.    Defendants knew that their use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship and/or employment at the Club.

118.    Upon information and belief, Defendants' use of Plaintiffs' Images did in fact cause consumer confusion as to Plaintiffs' employment at and/or endorsement of the Club, and the goods and services provided by the Club.

119.    Due to Defendants' unauthorized use of Plaintiffs' Images in order to create a false advertisement prohibited by section 43 of the Lanham Act, Plaintiffs have been damaged in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

**FOURTH CAUSE OF ACTION**
**(Violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A): False Association)**

120.    Plaintiffs hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if fully set forth hereon.

121.    The provisions of the Lanham Act, 215 U.S.C. §1125, *et seq.* apply to Defendants, and protect Plaintiffs from the conduct described hereon.

122.    Defendants used Plaintiffs' Images in order, *inter alia*, to create the false impression with the public that Plaintiffs were affiliated, connected, or associated with Empire, or worked at, sponsored, or approved of Empire's goods, services or commercial activities.

123.    This was done to promote and attract clientele to Empire, and thereby generate

revenue for the Defendants.

124.    Thus, this was done in furtherance of Defendants' commercial benefit.

125.    Despite the fact that Defendants were at all times aware that the Plaintiffs were neither affiliated, connected or associated with Empire nor worked at, sponsored, or approved of Empire's good, services, or commercial activities, Defendants nevertheless used Plaintiffs' Images in order to mislead potential customers as to Plaintiffs' employment at and/or affiliation with Empire.

126.    Defendants knew that their use of Plaintiffs' Images would cause consumer confusion as to Plaintiffs' sponsorship, affiliation, connection, association, and/or employment at the Club.

127.    Upon information and belief, Defendants' use of Plaintiffs' Images did in fact cause consumer confusion as to Plaintiffs' employment at and/or endorsement of the Club, and the goods and services provided by the Club.

128.    Due to Defendants' unauthorized use of Plaintiffs' Images in order to create a false endorsement prohibited by section 43 of the Lanham Act, Plaintiffs have been damaged in an amount to be determined at trial and are likewise entitled to punitive and exemplary damages.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request Judgment in their favor and against Defendants as follows:

(a) For actual damages in the amount of one million dollars ($1,000,000.00) relating to

Plaintiffs' first through sixth causes of action, plus pre-judgment and post-judgment interest;

(b) For an order permanently enjoining Defendants from using Plaintiffs' Images to promote the Club;

(c) For punitive damages in the amount of $350,000.

(d) For all costs and attorneys' fees incurred by Plaintiffs in the prosecution of this Action; and

(e) For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

IRINA VORONINA, JESSICA 'JESSA' HINTON, JOANNA KRUPA, JOHN COULTER, LINA POSADA, PAOLA CANAS, ROSA ACOSTA, TIFFANY TOTH GRAY, and VIDA GUERRA, By Counsel

Timothy D. Fisher     (VSB No. 85323)
Paul T. Walkinshaw     (VSB No. 66049)
Christine A. Bondi     (VSB No. 94666)
Wharton, Levin, Ehrmantraut & Klein
10300 Eaton Place, Suite 301
Fairfax, Virginia 22030
Phone: (703) 591-9700
Fax:    (703) 591-0023
Email: tdf@wlekn.com
       ptw@wlekn.com
       cab@wlekn.com
*Local Counsel for Plaintiff*

and

John V. Golaszewski*
The Casas Law Firm, PC
1740 Broadway, 15th Floor
New York, New York
Phone: (646) 872-3178
Fax:    (855) 220-9626
john@talentrights.law
*Pro Hac Vice Application Forthcoming*

24